Pettibone, J.,
delivered the opinion of the Court.
This was a proceeding in equity in the Circuit Court of Scott county, in which Hopkins was complainant, and Strong defendant. The bill sets forth, that complainant, and one Erasmus Ellis, gave their joint obligation to the intestate, Strong, for $75, in consideration of a certain quantity of corn sold to them which obligation they agreed to pay and satisfy in New Orleans, at the store of Rochelle & Shiff. The obligation is dated Jan. 1,1814, and is in the words following:
"One month after date, we, or either of us, promise to pay John Strong, or hearer, tlie sum of seventy-live dollars, for value received.
ERASMUS ELLIS, (seal.)
J. A. HOPKINS, (seal.)”
The bill states, that Hopkins, the complainant, before the said obligation fell due, paid the one half of the same to the said Rochelle & Shiff, according to the directions of the said Strong. Tiiat at the time he made the payment to Rochelle & Shiff, he was informed by them, through their clerk, that $37 50 was the full amount they were to collect from him, stating, at. the same time, that Ellis was in the city, and was to pay the balance. That shortly afterwards, on the return of the complainant up the Mississippi to the place where Strong lived, he (Strong) told complainant that he had behaved like an honest man in paying off his part of the note, and that he never should be called upon to pay any part of the balance, and that he was and. should he forever released and discharged therefrom. That for six or eight years afterwards, while Ellis continued in flourishing circumstances, nothing was said about bringing suit against the complainant upon the said note or obligation; hut after the- *377 said Ellis became insolvent, and after the death of the obligee, the administrator of Strong brought a suit at law against the said complainant, on the said obligation, and recovered a judgment for the whole amount thereof. The bill prays a perpetual injunction against the said judgment at law. There was no appearance or answer by the defendant in equity, and the bill was taken, pro eonfesso, and a decree for a perpetual'injunction entered.
The cause is brought here by a writ’ of error. We are of opinion, that this bill contains no eqity. The declaration made by the clerk- of Rochelle & Shifif) and by Strong, that complainant should not he called on to pay the balance of the said note, was no discharge of the note in law or equity. If these declarations amounted to a promise, they still were without consideration, and not binding. The bill states, that judgment was recovered for the whole amount of the nolo, notwithstanding the payment of one half of it, by complainant, in New Orleans. As to that payment, complainant might and ought to have defended himself at law. There is no reason shown why he did not. If a party has a defence at law, and fails to make it, he cannot come into equity for relief, except in eases of accident. No accident or mistake is here set up, nor any excuse shown why the defence was not made at law. The complainant must suffer the consequences of his neglect.
The decree of the Circuit Court must be reversed, and the hill dismissed for the want of equity.